UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA HICKS-LARK,

                Plaintiff,

                                    Case No. 13-cv-13430

vs.                                    HON. GERSHWIN A. DRAIN

BANK OF NEW YORK; *et al.*,

                Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT[#2] AND CANCELLING OCTOBER 9, 2013 HEARING

### I.     Introduction

On or about June 13, 2013, Plaintiff, Patricia Hicks-Lark, proceeding *pro se*, filed this suit against defendants, Bank of New York Mellon ("BONY") and Trott & Trott, P.C. ("T&T"), challenging the foreclosure of a mortgage that encumbered property located at 3835 Bishop Street, Detroit, Michigan (the "Property"). On August 9, 2013, Defendants removed the instant matter to this Court pursuant to 28 U.S.C. §§ 1441(a), 1332 and 1446.

Presently before the Court is Defendants' Motion to Dismiss and/or for Summary Judgment, filed on August 16, 2013. Plaintiff has failed to file any response to Defendants' pending motion and the time for filing a response has expired. *See* E.D. Mich. L.R. 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."). Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), Defendants' Motion to Dismiss and/or for Summary Judgment will be resolved on the brief submitted and the hearing set for October 9, 2013 is cancelled. For the reasons that follow, Defendants' Motion to Dismiss and/or for Summary Judgment is granted and this cause

-1-

of action is dismissed.

## II.   Factual Background

On December 28, 2005, Plaintiff and her husband, Robert L. Lark, borrowed the sum of $133,700.00 from lender Crevocor Morgtage. The Note was secured by a mortgage encumbering the Property. The mortgage states that it is given to Mortgage Electronic Registration Systems, Inc. (MERS) as the "nominee for Lender." The mortgage was recorded on January 25, 2006, in Liber 44139, Page 1894, Wayne County Records. On May 26, 2011, MERS, as nominee for the Lender, assigned the mortgage to BONY. The assignment was recorded on June 1, 2011 in Liber 49213, Page 888, Wayne County Records.

Plaintiff apparently defaulted on the loan by failing to make payments when they came due. Consequently, as provided in the mortgage, BONY initiated foreclosure proceedings by referring the loan to the law firm of T&T, which sent the required statutory notice to Plaintiff on September 14, 2011. On October 6, 2011, T&T sent correspondence to Plaintiff seeking certain documents in order to conduct a loan modification review. On November 7, 2011, after receiving no documents from Plaintiff, T&T sent correspondence that "your eligibility review cannot be completed at this time." The Sheriff's Sale, originally scheduled for January 19, 2012, was adjourned on a week to week basis until it was eventually held on November 15, 2012. BONY purchased the Property. Accordingly, the redemption period expired on May 15, 2013. *See* MICH. COMP. LAWS § 600.3240(8).

## III.   Law & Analysis

**A.      Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

-3-

complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

   **2.     Defendants' Motion to Dismiss**

In the Complaint, Plaintiff maintains that Defendants "foreclosed on Plaintiff illegally without notification in violation of M.C.L. 600.3220." Plaintiff also alleges that a modification was in place, however she offers no factual support for her allegations. In order to foreclose by advertisement, the foreclosing party must serve notice that contains certain information to the borrower. *See* Mich. Comp. Laws § 600.3205a.  As to this claim, the Complaint states, "Plaintiff also asserts that Defendant violated M.C.L. 600.3205 by not receiving proper notice in accordance with the [MICH. COMP. LAWS § 600.3205a]." Plaintiff's bare bones allegations are belied by the affidavit attached to the Sheriff's Deed, which states that T&T complied with the notice provisions set forth in  MICH. COMP. LAWS § 600.3205a.[1] *See* Def.'s Mot., Ex.  I.

In any event, even if Defendants violated MICH. COMP. LAWS § 600.3205, the remedy

_____

   [1] It is appropriate for this Court to consider the affidavit under Rule 12(b)(6). *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

Plaintiff seeks, setting aside the foreclosure sale, is unavailable.  If the mortgage holder violates MICH. COMP. LAWS § 600.3205, a mortgagor may file an action to convert a foreclosure by advertisement into a judicial foreclosure.  *See Stein v. U.S. Bancorp*, No. 10-14026, 2011 U.S. Dist. LEXIS 18357, *29 (E.D. Mich. Feb. 24, 2011).  In *Stein*, the court noted that even if the plaintiff could establish that the defendant violated Michigan's foreclosure by advertisement statute, the plaintiff had to seek relief prior to consummation of the foreclosure process.  *Id.*  "The provision allows certain borrowers to determine the *type* of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure." *Id.* (emphasis in original); *see also Adams v. Wells Fargo Bank N.A.*, No. 11-10150, 2011 U.S. Dist. LEXIS 90226 (E.D. Mich. Aug. 10, 2011).

Plaintiff also cannot state a claim that the Sheriff's sale was improperly adjourned.  The applicable statutory provision states in relevant part:

> **§ 600.3220.  Sale; adjournment; notice; posting; publication**.
> Sec.  3220.Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be fore more than 1 week at a time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned.  No oral announcement of any adjournment shall be necessary.

MICH. COMP. LAWS § 600.3220.  Similar to her claim that she did not receive proper notice, Plaintiff's allegations as to this claim are belied by the record evidence.  Deputy Sheriff Felicia Mack has provided an affidavit stating that she has reviewed the available listing adjournments for the Property, and for the period of January 19, 2012 to November 15, 2012, the Sheriff's sale was properly adjourned on a week to week basis.  *See* Def.'s Mot., Ex. H.  In any event, even if Plaintiff

-5-

presented sufficient factual allegations, she would not be entitled to the relief she seeks, specifically that the foreclosure sale be set aside. *See Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98; 825 N.W. 2d 329, 336-37 (2012); *see also Mae v. Mandry*, No. 12-13236, 2013 U.S. Dist. LEXIS 25690, *17-19 (E.D. Mich. Feb. 26, 2013) ("[U]nder Michigan law a failure to comply with the requirements of Michigan's foreclosure by advertisement renders the foreclosure voidable, not void *ab initio*.). Lastly, the Court notes that Plaintiff has failed to allege any facts supporting her request to set aside the foreclosure sale. "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [Michigan's foreclosure by advertisement statute.]" *Kim*, 493 Mich. at 115. Plaintiffs can make this showing by demonstrating "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.* at 116. Here, Plaintiff offers no facts suggesting that she would have been in a better position had Defendants complied with the statute. Plaintiff is not entitled to relief on any of her claims, therefore Defendants are entitled to judgment in their favor.

## IV.   **Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss and/or for Summary Judgment [#2] is GRANTED. This cause of action is dismissed.

SO ORDERED.

Dated: September 26, 2013                           /s/Gershwin A Drain
                                                    GERSHWIN A. DRAIN
                                                    UNITED STATES DISTRICT JUDGE